IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FALL LINE PATENTS, LLC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>CINEMARK HOLDINGS, INC. and CINEMARK USA, INC.,<br><br>　　　Defendants. | CIVIL ACTION NO. 6:17-CV-203<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fall Line Patents, LLC ("Fall Line" or "Plaintiff") files this original complaint against Cinemark Holdings, Inc. and Cinemark USA, Inc. (collectively, "Cinemark" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.　Fall Line is a limited liability company formed under the laws of the State of Oklahoma, with its principal place of business at 2121 South Yorktown, #1103, Tulsa, Oklahoma, 74114.

2.　Defendant Cinemark Holdings, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 3900 Dallas Parkway, Suite 500, Plano, Texas 75093. It can be served with process by serving its registered agent: The Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

3.　Defendant Cinemark USA, Inc. is a corporation formed under the laws of the State of Texas, with its principal place of business at 3900 Dallas Parkway, Suite 500, Plano,

Texas 75093. It can be served with process by serving its registered agent: The Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district. In addition, Cinemark maintains its corporate headquarters in this district, which are located at 3900 Dallas Parkway, Suite 500, Plano, Texas 75093.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE TECHNOLOGY

7. The patent-in-suit, U.S. Patent No. 9,454,748 ("the '748 Patent"), titled "System and Method for Data Management," teaches methods for managing and collecting data from a remote computing device. Specifically, the invention addresses the need to collect location-specific information on a variety of hardware and software platforms without the need to create separate and individualized software for each of the numerous manufacturers of remote

computing devices. The inventor of the '748 Patent, as well as its parent applications and patents, developed systems and methods to enable developers to create a single application that could function on numerous models of remote computing devices, without the need to create separate software for each model, as was often required in the prior art.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,454,748

8. On September 27, 2016, the '748 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management."

9. Fall Line is the owner of the '748 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '748 Patent against infringers, and to collect damages for all relevant times.

10. Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale apps that include the infringing features ("accused products"). The accused products include apps that can be used on a variety of remote computing devices and gather and transmit location-specific information. Defendant's accused products include, for example, its Cinemark Theatres app:



# Cinemark Theatres

Cinemark USA, Inc.    Entertainment                    ★★★★☆ 16,985 👤

🔰 Teen

 Add to Wishlist        [ Install ]





Cinemark is a leader in the motion picture exhibition industry. The Cinemark Theatres app allows easy access to any domestic Cinemark theatre.

The simple, user-friendly interface allows you to:
• Find Cinemark theatre locations via GPS
• Search for your preferred Cinemark theatre location
• Access your My Cinemark favorite theatres
• Purchase movie tickets securely
• View your gift card balance
• View ticket purchase history

(Source: https://play.google.com/store/apps/details?id=com.cinemark.mobile&hl=en)

4



Despite there being a ton of Android apps for movie discovery in the Google Play Store, there is still a clear demand for dedicated movie theater apps out there. With dedicated apps such as the newly released Cinemark Theaters you can find not only movies playing in your area but also purchase tickets directly from your smartphone and Cinemark has loaded their app with features:

- Search for your preferred Cinemark theatre location
- Purchase movie tickets securely
- View your gift card balance
- Search for movies Coming Soon
- Search for movies Now Playing
- View movie trailers
- Share showtimes, theatre locations and movie via email, text, Facebook or Twitter

(Source: http://www.androidcentral.com/cinemark-debuts-new-android-app-find-theatres-purchase-tickets-more)

11. By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 19 of the '748 Patent. Defendant's infringement in this regard is ongoing.

12. Cinemark has infringed the '748 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems utilizing a method for managing data.

13. The accused products include establishing communications between a handheld computing device and an originating computer wherein said handheld computing device has a GPS integral thereto.

5

14.     The accused products include receiving within said handheld computing device a transmission of a tokenized questionnaire from said originating computer, said tokenized questionnaire including at least one question requesting location identifying information, said tokenized questionnaire comprising a plurality of device independent tokens.

15.     The accused products include ending said communications between said handheld computing device and said originating computer.

16.     The accused products include, after said communications has been ended, executing at least a portion of said plurality of tokens comprising said questionnaire on said handheld computing device to collect at least one response from a first user, storing within said computing device said at least one response from the first user, and using said GPS to automatically obtain said location identifying information in response to said at least one question that requests location identifying information.

17.     The accused products include establishing communications between said handheld computing device and a recipient computer.

18.     The accused products include transmitting a value representative of each of said at least one response stored within said handheld computing device to said recipient computer.

19.     The accused products include, after receipt of said transmission, transmitting a notice of said received value representative of each of said at least one response to a second user

20.     Fall Line has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fall Line in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Fall Line and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '748 Patent.

## ADDITIONAL ALLEGATIONS REGARDING DIRECT INFRINGEMENT

22. Defendant has also directly infringed the '748 Patent by exercising direction or control over the use of the accused products by its customers. When Defendant's customers download and use the accused products, Defendant is putting the accused products into service and conditions the benefit received by each customer from using the accused products (which utilize the methods taught by the '748 Patent), such benefit including improved data management across a variety of devices, only if the accused products are used in the manner prescribed by Defendant. Use of the accused products in such manner infringes the '748 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

23. Defendant has also indirectly infringed the '748 Patent by inducing others to directly infringe the '748 Patent. Defendant has induced the end-users, Defendant's customers, to directly infringe (literally and/or under the doctrine of equivalents) the '748 Patent by using the accused products. Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, Claim 19 of the '748 Patent. Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Defendant performed these steps, which constitute induced infringement with the knowledge of the '748

Patent and with the knowledge that the induced acts would constitute infringement.  Defendant was and is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '748 Patent. Defendant's inducement is ongoing.

24. Defendant has also indirectly infringed by contributing to the infringement of the '748 Patent.  Defendant has contributed to the direct infringement of the '748 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '748 Patent, including, for example, Claim 19 of the '748 Patent.  The special features include improved data management across a variety of devices in a manner that infringes the '748 Patent. The special features constitute a material part of the invention of one or more of the claims of the '748 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

25. Defendant also has knowledge of the '748 Patent at least as of the date when it was notified of the filing of this action.

26. Furthermore, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Fall Line's patent rights.

27. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

28. Defendant's direct and indirect infringement of the '748 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Fall Line's rights under the patent.

29.     Fall Line has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fall Line in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Fall Line hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Fall Line requests that the Court find in its favor and against Defendant, and that the Court grant Fall Line the following relief:

a.      Judgment that one or more claims of the '748 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '748 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the ''748 Patent by such entities;

c.      Judgment that Defendant accounts for and pays to Fall Line all damages to and costs incurred by Fall Line because of Defendant's infringing activities and other conduct complained of herein, including an award of all increased damages to which Fall Line is entitled under 35 U.S.C. § 284;

d.      That Fall Line be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Fall Line its reasonable

attorney's fees and costs in accordance with 35 U.S.C. § 285; and

   f. That Fall Line be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated: April 5, 2017        Respectfully submitted,

               /s/ *Matthew J. Antonelli*
               Matthew J. Antonelli
               Texas Bar No. 24068432
               matt@ahtlawfirm.com
               Zachariah S. Harrington
               Texas Bar No. 24057886
               zac@ahtlawfirm.com
               Larry D. Thompson, Jr.
               Texas Bar No. 24051428
               larry@ahtlawfirm.com
               Michael D. Ellis
               Texas Bar No. 24081586
               michael@ahtlawfirm.com

               ANTONELLI, HARRINGTON
               & THOMPSON LLP
               4306 Yoakum Blvd., Ste. 450
               Houston, TX 77006
               (713) 581-3000

               *Attorneys for Fall Line Patents, LLC*